The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Young. As the appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives, the Full Commission affirms the Opinion and Award of the Deputy Commissioner as follows:
 *************
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff-employee and defendant-employer at all relevant times herein.
3. Defendant is a duly qualified self-insured with Crawford Company as the servicing agent.
4. Plaintiff injured her right knee at work on 24 May 1994, in Brunswick County, North Carolina.
5. An Industrial Commission Form 21 approving plaintiff's injury to her right knee was approved by the Industrial Commission on 29 July 1994.
6. Per the Industrial Commission Form 21, plaintiff's average weekly wage was $108.75, yielding a compensation rate of $72.50.
7. Plaintiff was paid temporary total disability benefits through 2 May 1995.
8. An Industrial Commission Form 24 terminating plaintiff's benefits was approved by the Industrial Commission and filed on 5 May 1995 with the termination of benefits effective 29 August 1994.
9. The parties stipulated to the plaintiff's medical notes from Brunswick Hospital emergency room; Express Care; Dr. John Azzato; Dr. John O'Malley; Dr. Charles Locke; Dr. John T. Langley and William E. Vail, O.D.
 *************
The Full Commission affirms the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was a 40 year old high school graduate.
2. Plaintiff worked for defendant-employer as a hostess. Her duties included emptying trash containers, sweeping, mopping and cleaning windows.
3. On 24 May 1994, plaintiff was working for defendant-employer when she tripped and fell over a stool and landed on the floor on her knees.
4. Plaintiff presented to the Brunswick Hospital emergency room on 24 May 1994 where she reported that she hand landed on her right hand and both knees. She complained of pain and swelling in her knees and in her right wrist and elbow. X-rays were taken, and plaintiff was diagnosed with contusions of the right arm and both knees. Plaintiff did not report any pain in her back.
5. On 27 May 1994, defendant-employer referred plaintiff to Dr. Ross where plaintiff again reported falling on her knees and right elbow while working for defendant-employer. Dr. Ross treated plaintiff again on 2 June 1994 and 16 June 1994. Again, plaintiff never raised any complaints of back pain.
6. Dr. Ross referred plaintiff to orthopedist Dr. John Azzato, and plaintiff presented to him on or about 24 June 1994. Plaintiff told Dr. Azzato that she fell over a stool at work and landed on both knees, but she did not report any back pain. Dr. Azzato diagnosed plaintiff with contusion bilateral knees.
7. On 21 July 1994, Dr. Azzato explained to plaintiff that her contusions were resolving and that he could find no objective findings to prevent her from working. Dr. Azzato recommended that plaintiff seek a second opinion.
8. On 8 August 1994, plaintiff presented to orthopedist Dr. John O'Malley, who diagnosed plaintiff with patellofemoral chondrosis. Although a meniscal tear could not be ruled out, Dr. O'Malley opined that plaintiff's problem was related to the patellofemoral joint and he agreed with Dr. Azzato's treatment plan.
9. Plaintiff first complained of low back pain on 10 August 1994 to Dr. Samuel W. Kirtley and she related the back pain to her fall on 24 May 1994.
10. Dr. Azzato recommended an MRI of plaintiff's right knee. The MRI was performed on 19 August 1994, and revealed no meniscal tear. Dr. Azzato released plaintiff to return to work without restrictions on 29 August 1994.
11. Crystal Hayes, an assistant manager for defendant-employer, testified that when plaintiff was released to return to work, defendant-employer offered to allow plaintiff to return to her pre-injury job. This job complied with Dr. Azzato's release orders. Plaintiff returned to work for approximately a half day on her first day back, but could not continue to work due to pain. Plaintiff never returned to work for defendant-employer after that.
12. On 31 August 1994, plaintiff presented to an unauthorized physician, general surgeon Dr. Charles Locke. Dr. Locke was plaintiff's brother's doctor. Plaintiff also presented to Dr. Locke on 2 September 1994 and 7 September 1994 where she reported tripping over a stool at work and landing on "more of the right side of her body." Plaintiff reported pain in her knees and in her back. She also reported being in an automobile accident in 1977 where she cracked her pelvis in three places and broke both arms. Dr. Locke opined that the plaintiff's history of injury as described by her could certainly have caused her severe low back pain and that she is completely disabled from performing any type of work associated with fast food establishments.
13. Dr. Locke referred plaintiff to William E. Vail, O.D., and on 19 January 1995, he recommended physical therapy, a functional capacity evaluation, and a quick return to work. Dr. Vail did not recommend an MRI of plaintiff's back.
14. Plaintiff returned to Dr. John O'Malley for an evaluation of her back on or about 2 March 1995. Plaintiff treated with Dr. O'Malley until 13 March 1995.
15. On 15 March 1995, plaintiff presented to orthopedist Dr. John T. Langley, for another evaluation of her back. An MRI scan of plaintiff's back was negative. Dr. Langley diagnosed plaintiff with chronic lumbosacral strain.
16. On 23 May 1995, Dr. Langley opined that plaintiff was able to return to work as a hostess with defendant-employer. Dr. Langley also opined that if plaintiff had begun having back problems within a week or two following her 24 May 1994 injury that there would be a possible causation between her injury and the back pain; however, if the symptoms did not occur until four to six weeks after the injury, it was his opinion that there was no causal relationship between the 24 May 1994 injury and plaintiff's back problems. Dr. Langley further determined that plaintiff had reached maximum medical improvement and that there was no permanent partial disability to her back.
17. Dr. Locke ordered an MRI of plaintiff's back on 6 June 1995 and opined that she should not lift more than 25 pounds on a permanent basis due to her irreversible low back degeneration.
18. On 8 June 1995, Dr. O'Malley opined that plaintiff's back pain and her knee pain are two separate injuries and that her back pain was not caused from the fall at defendant-employer's place of business. The undersigned find the opinions of Drs. Langley and O'Malley, plaintiff's treating physicians, to be more convincing than that of Dr. Locke. Dr. O'Malley, an orthopedist, treated plaintiff at a time closer in proximity to the work related knee injury and he had a continuing perspective of plaintiff's condition. Furthermore, neither Dr. Langley or Dr. O'Malley had a prior friendship with plaintiff's family.
19. Based on the information in plaintiff's medical records and the history given by plaintiff to Drs. Ross, Langley, O'Malley, Azzato, Locke and Vail, plaintiff's back symptoms are not causally related to the 24 May 1994 injury by accident.
 *************
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of her employment to her right knee on 24 May 1994. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to temporary total disability compensation for the injury by accident to her right knee in the amount of $72.50 per week beginning 1 June 1994 and continuing until 29 August 1994. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to have defendants pay for all of her medical expenses incurred as a result of the injury by accident to her right knee of 24 May 1994 through August 29, 1994. N.C. Gen. Stat. §§ 97-25; 97-2(19).
4. Plaintiff failed to carry the burden of proof to establish that her back pain was causally related to her injury by accident of 24 May 1994. Any back pain plaintiff suffered came from some other time as set forth in her medical records. Since plaintiff failed to carry her burden of proof as to her back, she is not entitled to further benefits under the Act, except as previously outlined above as to her right knee.
5. Defendants are entitled to a credit for temporary total disability benefits paid from 29 August 1994 through 2 May 1995. N.C. Gen. Stat. § 97-42.
 *************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
1. Plaintiff is entitled to compensation for temporary total disability benefits from 1 June 1994 through 29 August 1994; however, defendants paid temporary total disability benefits at a weekly rate of $72.50 from 1 June 1994 through 2 May 1995. Accordingly, there is no accrued amount due to plaintiff. Defendants are entitled to a credit against future benefits for temporary total disability benefits paid from 30 August 1994 through 2 May 1995.
2. Defendants shall pay all medical expenses incurred through August 29, 1994 as a result of plaintiff's 24 May 1994 injury by accident.
3. Defendants shall pay the costs.
 ************* S/ ________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ______________________ CHRISTOPHER SCOTT COMMISSIONER
S/ ______________________ THOMAS J. BOLCH COMMISSIONER